IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| JACKELINE MULRAIN : <br> 14502 FAIRDALE ROAD : <br> SILVER SPRING, MD 20905 : <br> : <br> Plaintiff, : <br> : <br> v.  : <br> : <br> WESTGATE HILL OPERATOR, LLC : <br> D/B/A WESTGATE HILLS : <br> REHABILITATION AND HEALTHCARE : <br> CENTER : <br> 8007 BAILEYS LANE : <br> PASADENA, MARYLAND 21122 : <br> : <br> Serve: Maryland Agent Service, Inc. : <br> 8007 Baileys Lane : <br> Pasadena Md 21122 : <br> : <br> Defendant. : | Civil Action No. |

## COMPLAINT

COMES NOW, Plaintiff, Jackeline Mulrain, by and through her undersigned counsel and hereby sues Westgate Hills Operator, LLC D/B/A Westgate Hill Rehabilitation And Healthcare Center ("Westgate"), Defendant, for National Origin Discrimination and Retaliation, in violation of Title VII of the Civil Rights Act of 1964, violation of Maryland law which is codified in the State Government Article of the Maryland Code and Retaliation, and in support thereof, hereby states the follows:

## PARTIES

1. Plaintiff, Jackeline Mulrain (born in Jamaica), is female and an adult resident of the State of Maryland.

2. Defendant Westgate Hills Operator, LLC is a limited liability company registered to do business in the State of Maryland and operates Westgate Hills Rehabilitation and Healthcare Center ("Westgate") located in Baltimore, Maryland.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter based upon 28 U.S.C.A § 1331 because this matter is based on a question of federal law.

4. Venue in this matter is proper based on a question of federal law.

## FACTS OF THE CASE

5. Plaintiff was hired as the Director of Nursing at the Westgate on or about March 1, 2017.

6. Plaintiff was born in Jamaica and speaks with a noticeable accent.

7. Plaintiff is a Registered Nurse, licensed by the State of Maryland since 2003.

8. She earned a base salary of $125,000.00 plus benefits.

9. Plaintiff was a highly regarded member of the staff at Westgate.

10. Shortly after Plaintiff was hired, Jason Simanowitz, an employee of Defendant, became the facility administrator and the Plaintiff's immediate supervisor.

11. Mr. Simanowitz created a hostile working environment and constantly harassed and discriminated against Plaintiff.

12. Referring to Plaintiff, Mr. Simanowitz told others that "I'm going to fire her, I want her gone, I cannot stand her fucking accent."

13. Mr. Simanowitz insisted that Plaintiff not speak on phone calls because people have a hard time understanding her accent.

14. Furthermore, Mr. Simanowitz frequently insisted that patients be kept at Westgate rather than be returned to the hospital when warranted because he needed to keep Westgate's census numbers high rather than focus on actual patient care.

15. Michael Smith is the Defendant's Vice President of Operations.

16. Plaintiff complained to Westgate VP of Operations, Michael Smith, and Jim Bell, Defendant's director of Human Resources, at least seven times about Mr. Simanowitz' clear acts of harassment and discrimination against her as well as Mr. Simanowitz' propensity to keep patients at Westgate rather than to return to the hospital when warranted in order to maintain a high census number at Westgate.

17. Despite Plaintiff's complaints about Mr Simanowitz' clear acts of harassment and discrimination against her, Defendant took no action to investigate her allegations, protect her from Mr. Simanowitz or discipline him in any way.

18. Furthermore, Defendant and Mr. Simanowitz were aware that Plaintiff had reported Mr. Simonowitz' acts of harassment and discrimination against her as well as Plaintiff's allegation regarding Mr. Simanowitz' propensity to keep patients at Westgate rather than return to the hospital when warranted in order to maintain a high census number at Westgate.

19. On December 4, 2017, Mr. Simanowitz fired Plaintiff as the Director of Nursing at Westgate.

20. Defendant's stated reason for Plaintiff's firing was that she failed to cover staffing during the Thanksgiving holiday the previous week.

21. This reasoning is demonstrably false as there was proper coverage at Westgate on November 25 and the Plaintiff worked at Westgate on November 26.

22. Furthermore, Plaintiff is not responsible for dealing with staffing needs.

23. Defendant's Human Resources Department is responsible for staffing needs, including coverage issues if a staff person is absent.

24. Finally, the State of Maryland does not mandate that an RN be in the facility at all times as long as one is on call.

25. Plaintiff was always on call and available.

26. Defendant has an affirmative obligation to provide a workplace free from discrimination and harassment.

27. Despite an affirmative obligation to do so, Defendant took no action to protect Plaintiff.

28. The Defendant's dishonest and phony charge for Plaintiff's firing, that Plaintiff failed to provide nursing coverage over the Thanksgiving holiday, is clear evidence of a pretext for discrimination based on national origin and retaliation in violation of Maryland statutes and Federal law.

29. Defendant wrongfully discharged Plaintiff in violation of Maryland statutes and Federal law.

30. As a direct result of Defendant's actions, Plaintiff has suffered from anxiety, depression and sleeplessness.

31. On or about December 27, 2017, Plaintiff filed a Charge of Harassment and Discrimination with the Equal Employment Opportunity Commission, Charge No. 531-2018-01813.

32. On or about February 20, 2019, the EEOC issued its Right to Sue Letter.

33. As a result of Defendant's action and inaction, Plaintiff has suffered and continues to suffer harm and damages, including, but limited to, lost wages, emotional distress, pain and suffering.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. Plaintiff hereby realleges all of the allegations contained in the Complaint.

35. Defendant has subjected Plaintiff to unequal terms and conditions of employment, discipline, harassment and discharge due to her national origin (Jamaican) in violation of Title VII of the Civil Rights Act of 1964.

36. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of the Defendant's unlawful actions.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION
## MARYLAND LAW

37. Plaintiff hereby realleges all of the allegations contained in the Complaint.

38. Pursuant to Md. Code Ann [St. Gov.] s20-601, et. seq. it is unlawful for an employer to subject an employee to a discrimination and a hostile work environment on the basis of her national origin.

39. Defendant has an affirmative obligation to provide a workplace that is free from harassment and discrimination.

40. Plaintiff was subjected to unequal terms and conditions of her employment on the basis of her national origin when she reported Mr. Simanowitz' improper behavior to Defendant's

Vice President of Operations and its Human Resources Department and neither took any corrective action.

41. Defendant's inaction and Mr. Simanowitz' conduct had the effect of unreasonably interfering with Plaintiff's work performance.

42. Defendant's inaction and Mr. Simanowitz' conduct created an intimidating, hostile and offensive working environment, which was perceived by Plaintiff to be abusive or hostile.

43. On December 4, 2017, Plaintiff was subjected to unequal terms and conditions of her employment on the basis of her national origin when Defendant, through the actions of Mr. Simanowitz, fired Plaintiff as the Director of Nursing at Westgate based upon a phony and deceitful charge.

44. Plaintiff suffered and continues to suffer harm and damages as a result of Defendant's actions and inactions.

## COUNT III
## RETALIATION

45. Plaintiff hereby realleges all of the allegations contained in the Complaint.

46. Pursuant to Title VII of the Civil Rights Act of 1964 and Maryland State law, it is unlawful for an employer to retaliate against an employee who has engaged in the protected activity.

47. At least seven times, Plaintiff reported to Westgate Vice President of Operations, Michael Smith, and Westgate's Human Resource Department Mr. Simanowitz' clear acts of harassment and discrimination against her as well as Mr. Simanowitz' propensity to keep patients at Westgate rather than to return them to the hospital when warranted in order to maintain a high census number at Westgate.

48. Defendant and Mr. Simanowitz were aware that Plaintiff had reported Mr. Simanowitz' acts of harassment and discrimination.

49. Defendant took no action to cause Mr. Simanowitz to cease his harassment and discrimination.

50. Defendant's response to Plaintiff's complaints, namely discharging her in retaliation for her complaints, was unlawful and would reasonably dissuade other employees from making or supporting a charge of discrimination or harassment in the future.

51. On December 4, 2017, Defendant Westgate unlawfully discharged Plaintiff in retaliation for Plaintiff's multiple complaints about Mr. Simanowitz' harassment and discrimination against her and also for exposing Mr. Simanowitz' deceitful business practice of keeping patients at Westgate rather than returning them to the hospital when warranted.

52. Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's retaliation.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant for

A. On Count I (Violation of Title VII of the Civil Rights Act of 1964), economic damages in the amount of $100,000.00 and Compensatory Damages in the Amount of $300,000.00;

B. On Count II (Violation of Maryland Code Ann [St. Gov.] §20-601, et seq.) economic damages in the amount of $100,000.00 and Compensatory Damages in the Amount of $300,000.00;

C. On Count III (Retaliation), economic damages in the amount of $100,000.00 and Compensatory Damages in the Amount of $300,000.00;

  D. Award Plaintiff all of her costs associated with this matter, including reasonable attorneys' fees;

  E. Grant such other and further relief as the Court deems necessary based upon the facts and circumstances of this case.

## **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated: May 10, 2019       Respectfully Submitted,

             /s/Neil S. Hyman
             Neil S. Hyman, Esquire
             Federal Bar ID: 15158
             Law Office of Neil S. Hyman, LLC
             4520 East West Highway, Suite 700
             Bethesda, Maryland 20814
             301-841-7105 (p)
             neil@neilhymanlaw.com
             *Counsel for Plaintiff*